WILLIAM J. GORHAM III (CA State Bar No. 151773)
NICHOLAS F. SCARDIGLI (CA State Bar No. 249947)
VLADIMIR J. KOZINA (CA State Bar No. 284645)
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207
Telephone: (209) 477-3833
Facsimile: (209) 473-4818
E-Mail: wgorham@mayallaw.com
        nscardigli@mayallaw.com
        vjkozina@mayallaw.com

Attorneys for Plaintiff Erin Buchanan

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| ERIN BUCHANAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF AMADOR; and DOES 1-10 inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT – ADA, & FEHA**<br><br>1. **DISABILITY DISCRMINATION -- ADA**<br>2. **DISABILITY DISCRIMINATION – ADA (Retaliation)**<br>3. **DISABILITY DISCRMINATION-- ADA (Threatening or Interfering with Accommodation)**<br>4. **DISABILITY DISCRIMINATION— ADA (Failure to Accommodate)**<br>5. **DISABILITY DISCRIMINATION – FEHA**<br>6. **FAILURE TO ACCOMMODATE -- FEHA**<br>7. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS – FEHA**<br>8. **RETALIATION -- FEHA**<br>9. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION -- FEHA**<br>10. **INTERFERENCE WITH MEDICAL LEAVE – FEHA**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act ("ADAAA") of 2008, the California Fair Employment and Housing Act ("FEHA"), and the California Family Rights Act ("CFRA"), to remedy unlawful acts committed thereunder by Defendant County of Amador ("Amador County" or "Defendant"), against ERIN BUCHANAN ("Buchanan" or "Plaintiff"). As set forth with greater particularity below, Plaintiff BUCHANAN alleges that Defendant AMADOR COUNTY unlawfully discriminated and retaliated against her because she was disabled and because she requested and took a medical leave of absence because of her disability.

**JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 because it is a civil suit arising under the Constitution and laws of the United States, and a suit enforcing civil rights. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same controversy between the parties.

2.     Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b) because the Defendants are located in this District, and because the acts and/or omissions set forth in this Complaint occurred in this District. Venue is proper in the Sacramento Division of this District pursuant to Local Rule 120(d) because the claims at issue arise out of acts and/or omissions that occurred in Sacramento County.

**PARTIES**

3.     Plaintiff BUCHANAN is an individual residing in Valley Springs, California. At all relevant times herein, before her termination by Defendant AMADOR COUNTY, Plaintiff was an "employee" as defined by California Government Code § 12926(c), and by 42 U.S.C. § 12111(4) of the ADA.

4.     Defendant AMADOR COUNTY is a political subdivision in the State of California and at all times relevant herein, it employed more than 15 employees. At all times relevant herein, Defendant AMADOR COUNTY was an employer as defined by California

Government Code § 12926(d), and by 42 U.S.C. § 12111(5)(A) of the ADA, and a "covered entity" under the ADA under 42 U.S.C. § 12111(2).

5.      Plaintiff BUCHANAN is not aware of the true names and capacities of the defendants sued herein as Does 1 through 10, whether individual, corporate, associate, or otherwise, and therefore sues such defendants by these fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that her injuries and damages herein alleged were legally caused by such defendants.  Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

6.      Defendant AMADOR COUNTY and DOES 1-10 are collectively referred to herein as Defendants.

## EXHAUSTION

7.      On March 3, 2020, Plaintiff BUCHANAN timely filed a complaint against Defendant AMADOR COUNTY with the California Department of Fair Employment and housing and requested and received a right to sue letter.  These documents are attached as **Exhibit A** and are incorporated by this reference.

8.      Plaintiff BUCHANAN has exhausted administrative remedies as to her state claims under the FEHA.

9.      Plaintiff BUCHANAN timely filed suit within one year the FEHA Right to Sue.

10.     On February 25, 2020, Plaintiff BUCHANAN timely filed a complaint against Defendant AMADOR COUNTY with the Equal Employment Opportunity Commission and received a notice of case closure and right to sue on November 20, 2020.   These documents are attached as **Exhibit B** and are incorporated by this reference.

11.     Plaintiff BUCHANAN has exhausted administrative remedies as to her federal claims under the ADA.

12.     Plaintiff BUCHANAN timely filed suit within 90 days of the EEOC Right to Sue.

**FACTUAL ALLEGATIONS**

13.     On December 12, 2017, Defendant AMADOR COUNTY hired Plaintiff BUCHANAN as a dispatcher for its sheriff's department.  By the terms of a labor agreement, Plaintiff BUCHANAN's probationary period was 18 months.

14.     Plaintiff BUCHANAN was released from a six month training program to work on her own after 5 months, because she showed the ability to perform the necessary duties of a dispatcher while working on her own.  At all relevant times, Plaintiff was a "qualified individual," as defined by 42 U.S.C. 12111(8), such that she was able to do the essential functions of a dispatcher, with or without reasonable accommodation.

15.     At all times during her employment, Plaintiff BUCHANAN was able to successfully perform the duties of her position.

16.     In April of 2018, with approximately two months left on her probationary period, Plaintiff BUCHANAN began to experience an unforeseeable mental disability (anxiety and depression) that substantially impacted one or more major life activities and therefore qualified as a disability under the ADA and the FEHA.  Her symptoms included becoming emotionally upset and teary from time to time while at work.  Defendant AMADOR COUNTY became aware of Plaintiff BUCHANAN's disability in April of 2019.  Notwithstanding her disability, Plaintiff BUCHANAN continued to perform the essential functions of her job.

17.     As of April of 2019, and before Defendant AMADOR COUNTY had become aware of Plaintiff's disability, she had no negative reviews and was in good standing.

18.     On June 6, 2019, less than two weeks before completing her probationary period, Ms. Buchanan was required to take medical leave due her disability.  As prescribed by a medical doctor and as a necessary reasonable accommodation for her disability, Ms. Buchanan was required to take a temporary medical leave of absence from work starting on or about June 6, 2019.  As a result, Ms. Buchanan required a finite period of leave as a reasonable accommodation for her disability that was initially until July of 2019, but was ultimately extended by her doctor until October of 2019.

19.     On June 6, 2019, Ms. Buchanan provided her doctor's prescription for leave to her Employer and proper certification to Employer and was eligible for leave under the California Family Rights Act ("CFRA") and Family Medical Leave Act ("FMLA").   Upon learning of her need for leave because of her disability, on June 6, 2019, Ms. Buchanan's supervisor, Lt. Brandon Cone, sent her a hostile text message, "I got your doctor's note stating you are off until July 1, I've rescheduled two dispatchers to cover your shifts for the month and we're back down to 55% staffing so at least two will be working 6 or seven days a week this month since nick is in school.  Anything I'm missing?"

20.     In retaliation for Ms. Buchanan taking CFRA/FMLA leave, requesting leave as a reasonable accommodation, and because she was disabled, on June 14, 2019, Defendant AMADOR COUNTY mailed to Ms. Buchanan a performance evaluation while she was out on leave and required her to respond to the evaluation while she was out on leave.   Even though Defendant's policy was that performance evaluations were to be delivered in person, it deviated from this procedure to retaliate against Ms. Buchanan, to interfere with her leave, and to take advantage of her disabled status.   Likewise, because she was on CFRA/FMLA leave, had requested a reasonable accommodation for her disability, and was disabled, Defendant AMADOR COUNTY issued to Ms. Buchanan a "notice of extended probationary period in lieu of termination" extending her probationary period for 6 months.

21.     Defendant AMADOR COUNTY used the retaliatory performance evaluation as a pretextual basis for placing Ms. Buchanan on a performance improvement plan ("PIP") that required training with a Certified Training Officer ("CTO").  The "training" began when Ms. Buchanan returned to work on October 1, 2019.  However, the person assigned to "train" her was not certified and slept and surfed the internet while purportedly providing "training."  The "training" was simply a method to create a false justification for terminating Ms. Buchanan.

22.     Defendant AMADOR COUNTY terminated Ms. Buchanan on October 22, 2019, on the pretextual grounds that her performance was substandard.  In fact, the termination was in retaliation for her having taken CFRA/FMLA leave, requesting reasonable accommodation for her disability, and because she was disabled.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 12112(a) & (b)**
**(DISABILITY DISCRIMINATION)**
**Against All Defendants**

23.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 22, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

24.     42 U.S.C. § 12112(a) of the ADA provides that it is an unlawful employment practice to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

25.     As a "covered entity" under the ADA, Defendant is required to comply with 42 U.S.C. § 12112(a) and to refrain from discrimination and the denial of equal opportunity to persons with disabilities.

26.     Plaintiff BUCHANAN is a qualified person with a disability as defined by 42 U.S.C. § 12102(2).

27.     Nevertheless, Defendant AMADOR COUNTY engaged in adverse employment actions against Plaintiff BUCHANAN because of her disability that materially altered the terms of her employment, including:  denying her promotion to permanent employee status that was warranted by her performance, issuing a pretextual negative performance review, issuing a pretextual performance improvement plan that required her to attend pretextual training designed to terminate her employment, and, terminating Plaintiff's employment.  In so doing, Defendant AMADOR COUNTY, and DOES 1 to 10, violated 42 U.S.C. § 12112(a).

28.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

29.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and

COMPLAINT; DEMAND FOR JURY TRIAL
Page 6 of 18

1  mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and

2  anxiety and other like losses.  The exact nature, duration, and extent of said emotional injuries,

3  which are ongoing, is presently unknown to Plaintiff.

4     30.    As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to

5  reasonable attorney's fees, including litigation expenses and costs of suit pursuant to 42 U.S.C. §

6  12205.

7            **SECOND CAUSE OF ACTION**
8           **VIOLATION OF 42 U.S.C. § 12203(a)**
            **(DISABILITY DISCRIMINATION—RETALIATION)**
9           **Against All Defendants**

10    31.    Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1

11  through 30, to the extent relevant and not in conflict with this claim, as though fully set forth in

12  this claim.

13    32.    It is unlawful for an employer to retaliate against an employee with an adverse

14  employment action because he or she exercised rights under the ADA.  *42 U.S.C. 12203(a);*

15  *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000).

16    33.    As alleged, Defendant AMADOR COUNTY became aware of Plaintiff's

17  disability that was affecting her ability to work in April of 2019.  Plaintiff BUCHANAN

18  exercised her right to reasonable accommodation in the form of medical leave for a definite

19  period of time on the orders of her medical doctor in June of 2019.  Because she did so,

20  Defendant AMADOR COUNTY engaged in a series of actions that were adverse employment

21  actions altering her work.  Plaintiff BUCHANAN's supervisor, Lt. Brandon Cone, acting in the

22  course of his duties for Defendant AMADOR COUNTY, expressed his anger towards her doing

23  so in a text message.  Defendant AMADOR COUNTY then issued to Plaintiff Buchanan, who

24  had never before had a negative review, a negative performance evaluation and extended her

25  probationary period, which was set to end in two weeks, another six months.  When Plaintiff

26  BUCHANAN returned from medical leave on October 1, 2019, she was immediately forced on

27  to a performance improvement plan, which was to involve training with a Certified Training

28  Officer.  Instead, it assigned a "training officer" who was not certified, slept during training, and

surfed the internet.  The training was actually a ruse to create a false basis for terminating Plaintiff BUCHANAN's employment, which it did on October 22, 2019.  In so acting, Defendant AMADOR COUNTY violated 42 U.S.C. 12203(a).

34.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

35.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other like losses.  The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

36.     As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 12203(b)
### (DISABILITY DISCRIMINATION—THREATENING OR INTERFERING WITH DISABILILTY ACCOMODATION)
### Against All Defendants

37.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 36, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

38.     42 U.S.C. § 12203(b) makes it unlawful to ". . . threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

39.     As alleged, when Plaintiff BUCHANAN started her required doctor prescribed medical leave due to address an unforeseeable disability, Defendant AMADOR COUNTY threatened her with a hostile text message, and interfered with that leave by responding with the

adverse employment actions set forth above at Paragraphs 20, 21, 22 & 30.  In so acting, Defendant AMADOR COUNTY violated 42 U.S.C. § 12203(b) of the ADA.

40.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

41.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other like losses.  The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

42.     As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A)**
**(DISABILITY DISCRIMINATION—FAILURE TO PROVIDE REASONABLE ACCOMODATION)**
**Against All Defendants**

43.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 42, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

44.     42 U.S.C. § 12112(b)(5)(A) provides that is unlawful discrimination to not make ". . . reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. . . ."

45.     As alleged above, Defendant AMADOR COUNTY became aware of the need to accommodate Plaintiff BUCHANAN, who it knew to be a qualified individual with a mental limitation.  Nevertheless, instead of accommodating her disability, it responded to her need for time off with the adverse employment actions set forth above at Paragraphs 20, 21, 22 & 30.  In

so doing, Defendant AMADOR COUNTY engaged in unlawful discrimination under the ADA by violating 42 U.S.C. §§ 12112(a) & 12112(b)(5)(A).

46.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

47.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other like losses.  The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

48.     As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205.

## FIFTH CAUSE OF ACTION
### VIOLATION OF CAL. GOVT. CODE §§ 12940(a), and 12942.2(l)
### (DISABILITY DISCRIMINATION)
### Against All Defendants

49.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 48, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

50.     The FEHA explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of physical disability or medical condition.  Gov. Code § 12940(a).  Likewise, Government Code § 12945.2(l) provides that it is an unlawful employment practice to discriminate against an employee for taking a leave of absence under the CFRA.

51.     At all times herein mentioned, Plaintiff was qualified for her position as a dispatcher with Defendant AMADOR COUNTY based upon her work experience and performance history.

52.     Defendant AMADOR COUNTY, as Plaintiff's employer, was barred from discriminating against her based on disability and/or perceived disability, or because she needed to take a medical leave of absence.

53.     Nevertheless, as set forth above, Defendant AMADOR COUNTY discriminated against Plaintiff BUCHANAN based on disability, perceived disability, and/or future perceived disability, in violation of Gov. Code § 12940(a), and because she took medical leave under the CFRA.   As set forth above and in particular at by responding with the adverse employment actions set forth above at Paragraphs 20, 21, 22 & 30, Defendant AMADOR COUNTY engaged in a series of unlawful acts in violation of Government Code §§ 12940(a) and 12945.2(l).

54.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

55.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other like losses.   The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

56.     As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to Government Code section 12965(b).

/ / /

/ / /

/ / /

/ / /

### SIXTH CAUSE OF ACTION
### VIOLATION OF CAL. GOVT. CODE § 12940(m)
### (FAILURE TO ACCOMMODATE)
### Against All Defendants

57.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 56, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

58.     The FEHA requires an employer to "make reasonable accommodation for the known physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

59.     Defendant AMADOR COUNTY at all times material herein was Plaintiff's employer pursuant to Gov. Code § 12926(d), knew of her disability and were required to reasonably accommodate her pursuant to Gov. Code § 12940(m).

60.     Nevertheless, as set forth above, Defendants failed to reasonably accommodate Plaintiff.

61.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

62.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other like losses.  The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

63.     As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to Government Code section 12965(b).

/ / /

/ / /

/ / /

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CAL. GOVT. CODE § 12940(n)
### (FAILURE TO ENGAGE IN INTERACTIVE PROCESS)
### Against All Defendants

64.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 63, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

65.     The FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."  Gov. Code § 12940(n).

66.     Defendant AMADOR COUNTY at all times material herein was Plaintiff's employer pursuant to Gov. Code § 12926(d), knew of her disability and were required to engage in the interactive process pursuant to Gov. Code § 12940(n).

67.     Nevertheless, as set forth above, Defendants failed to engage in a timely, good faith interactive process with Plaintiff.

68.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

69.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other like losses.  The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

70.     As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to Government Code section 12965(b).

/ / /

### EIGHTH CAUSE OF ACTION
### VIOLATION OF CAL. GOVT. CODE § 12940(h) & (m)(2)
### (RETALIATION)
### Against All Defendants

71.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 70, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

72.     The FEHA expressly prohibits an employer from discharging, expelling or otherwise discriminating against any person because the person has opposed any practices forbidden under by FEHA or because the person has filed a complaint, testified, or assisted in any proceeding under FEHA, or because that person has requested reasonable accommodation for a disability.   Gov't Code §12940(h), (m)(2).   Opposing forbidden practices includes complaining to the employer of actions a person reasonably believes to constitute illegal discrimination or harassment.   *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1043.

73.     At all times relevant herein, Defendant AMADOR COUNTY was Plaintiff BUCHANAN's employer and was prohibited from retaliating against Plaintiff.

74.     Nonetheless, as set forth above, Defendant AMADOR COUNTY retaliated against Plaintiff BUCHANAN for requesting reasonable accommodation, in violation of Government Code sections 12940(h) and 12940(m)(2).

75.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

76.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other like losses.   The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

77.     As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to Government Code section 12965(b).

**NINTH CAUSE OF ACTION**
**VIOLATION OF CAL. GOVT. CODE § 12940(k)**
**(FAILURE TO PREVENT DISCRIMINATION AND RETALIATION)**
**Against All Defendants**

78.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 77, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

79.     The FEHA requires an employer to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  Gov. Code § 12940(k).

80.     Defendant AMADOR COUNTY was at all times relevant herein Plaintiff BUCHANAN's employer pursuant to Government Code section 12926(d) and was therefore required to prevent discrimination and harassment pursuant to Government Code section 12940(k).

81.     Defendant AMADOR COUNTY knew or should have known of the discrimination and retaliation but did nothing to prevent it.  Instead, Defendant AMADOR COUNTY encouraged, permitted and/or acquiesced to the discrimination and retaliation. Consequently, Defendant AMADOR COUNTY failed to take all reasonable steps to prevent the discrimination and retaliation from occurring in violation of Government Code section 12940(k).

82.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

83.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and

anxiety and other like losses.  The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

84.     As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to Government Code section 12965(b).

## TENTH CAUSE OF ACTION
### VIOLATION OF CAL. GOVT. CODE § 12945.2(t)
### (INTERFERENCE WITH PROTECTED LEAVE)
### Against All Defendants

85.     Plaintiff BUCHANAN realleges and incorporates the allegations of Paragraphs 1 through 84, to the extent relevant and not in conflict with this claim, as though fully set forth in this claim.

86.     Government Code §§ 12945.1 and 12945.2 is the California Family Rights Act, within the FEHA.  Government Code § 12945.2(t) provides, "[i]t shall be an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section."

87.     As alleged, Plaintiff BUCHANAN was required to take medical leave due to an unforeseeable disability, and was eligible to do so under CFRA.

88.     While out on CFRA leave, Defendant AMADOR COUNTY issued her a performance evaluation and required her to respond to the same in violation of Government Code § 12945.2(t).  It also illegally extended her probationary period while she was out in leave in violation of   Government Code § 12945.2(g).  In so acting, Defendant AMADOR COUNTY interfered with Plaintiff's CFRA leave.

89.     As a result of the conduct of Defendants, Plaintiff has been directly and legally caused to sustain compensatory economic damages, including medical expenses -- past and future; lost earnings and benefits – past and future; and lost earning capacity; all in an amount to be determined according to proof at trial, including interest thereon.

90.     As a result of the conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer nonpecuniary losses, including damages for emotional and

mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other like losses. The exact nature, duration, and extent of said emotional injuries, which are ongoing, is presently unknown to Plaintiff.

91. As a result of the conduct of Defendants as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to Government Code section 12965(b).

WHEREFORE, Plaintiff BUCHANAN prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment from this Court as follows:

## **CAUSES OF ACTION 1 THROUGH 4**

1. For compensatory, economic (special) and non-economic (general) damages, in an amount according to proof;

2. For statutory attorneys' fees and costs, pursuant to 42 U.S.C. § 12205, and any other applicable statutes;

3. For prejudgment and post-judgment interest under law;

4. For costs of suit; and

5. For such other and further relief as the court deems just and proper.

## **CAUSES OF ACTION 5 THROUGH 10**

1. For compensatory, economic (special) and non-economic (general) damages, in an amount according to proof;

2. For statutory attorneys' fees and costs, pursuant to California Government Code section 12965(b), and any other applicable statutes;

3. For prejudgment interest under California Code of Civil Procedure 3287(a), and 3289(b);

4. For costs of suit; and

5. For such other and further relief as the court deems just and proper.

/ / /

/ / /

### JURY TRIAL DEMAND

Plaintiff ERIN BUCHANAN demands trial by jury as to each of her claims.


**DATED:**  December 8, 2020                **MAYALL HURLEY P.C.**


                                    By:___*/s William J. Gorham, III*_____
                                        WILLIAM J. GORHAM III
                                        Attorneys for Plaintiff ERIN BUCHANAN

# Exhibit A

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 | Elk Grove, CA | 95758
800-884-1684 | Videophone for the DEAF 916-226-5285
www.dfeh.ca.gov | e-mail: contact.center@dfeh.ca.gov

EEOC Number:    555-2020-00248C

Case Name:       Erin C. Buchanan vs. AMADOR COUNTY SHERIFF'S OFFICE

Filing Date:        March 3, 2020

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH), a state agency, and the United States Equal Employment Opportunity Commission (EEOC), a federal agency. The complaint will be filed in accordance with California Government Code section 12960. The notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your state Right to Sue notice. This state Right to Sue Notice allows you to file a private l awsuit. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above- referenced complaint. The lawsuit may be filed in a State of California Superior Court.

Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice or, pursuant to Government Code section 12965, subdivision (d)(2), 90 days from receipt of the federal right-to-sue letter from the EEOC, whichever is later. You should consult an attorney to determine with accuracy the date
by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

(Revised 11/2016)

# Exhibit B

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

November 20, 2020

Ms. Erin C. Buchanan
c/o William J. Gorham, III, Esquire
Law Offices of Mayall & Hurley
2453 Grand Canal Blvd.
Stockton, CA  95207-8253

Re:  EEOC Charge Against County of Amador
     No. 555202000248

Dear Ms. Buchanan:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:  Title I of the Americans with Disabilities Act of 1990,  42 U.S.C. 12111, et seq., and,  Title V, Section 503 of the Act, 42 U.S.C. 12203.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC San Francisco District Office, San Francisco, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,


                                     Eric S. Dreiband
                                     Assistant Attorney General
                                     Civil Rights Division


                            by      /s/ Karen L. Ferguson
                                    Karen L. Ferguson
                                 Supervisory Civil Rights Analyst
                                 Employment Litigation Section


cc: San Francisco District Office, EEOC
   County of Amador